```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDULLAH ROBERT BROWN,<br><br>          Petitioner,<br><br>     v.<br><br>J.T. SHARTLE, et al.,<br><br>          Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3308 (JBS)<br><br>**OPINION** |

APPEARANCES:

Abdullah Robert Brown, Petitioner Pro Se
#42463-054
FCI Fairton
P.O. BOX 420
FAIRTON, NJ 08320

**SIMANDLE, Chief Judge:**

## I.  INTRODUCTION

Abdullah Robert Brown, a federal prisoner confined at FCI Fairton, New Jersey, filed this Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 5). For the reasons expressed below, this Court will dismiss the Petition, and no certificate of appealability shall issue.

## II.  BACKGROUND

Petitioner pled guilty to an information charging him with conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), in the Southern District of New York. (Docket Entry 5 at 1). He was sentenced to 120 months imprisonment on November

16, 1999. He appealed his sentence to the Court of Appeals for the Second Circuit, and on March 16, 2001, the Court of Appeals affirmed his sentence. *United States v. Feliz*, 5 F. App'x 87 (2d Cir. 2001), *cert. denied sub nom*, *Brown v. United States*, 534 U.S. 1107 (2002). The District Court for the Southern District of New York denied Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, *Brown v. United States*, No. 02-cv-9305, 2003 WL 22047879 (S.D.N.Y. Aug. 29, 2003).

Petitioner filed this petition for a writ of habeas corpus on May 23, 2014. (Docket Entry 1). On March 31, 2015, this Court administratively terminated the petition. (Docket Entry 4). Petitioner refiled his petition on April 16, 2015 along with an application to proceed *in forma pauperis*. (Docket Entry 5). Based on Petitioner's affidavit of indigency, this Court will grant the application to proceed *in forma pauperis*.

Petitioner asserts his conviction is invalid because the five-year statute of limitations had expired at the time of his plea. *See* 18 U.S.C. § 3282(a). He therefore states the District Court lacked subject matter jurisdiction, entitling him to habeas relief. (Docket Entry 5).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by

lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

**IV.   DISCUSSION**

Petitioner challenges the sentence imposed in the Southern District of New York under § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 Fed. Appx. 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a

3

challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

A federal prisoner may generally file only one § 2255 petition challenging a conviction, in which he must raise all grounds that are then available. In *Dorsainvil*, The Third Circuit emphasized § 2255 would not be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. *Id.* at 251. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted); *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir.

4

2002). These clear precedents mean simply that when a prisoner has already challenged his conviction under § 2255, he cannot later file a second § 2255 petition as to any ground that was available to him when he pursued the first § 2255 petition nor can he sidestep this single-petition rule by later filing a motion for relief from that conviction under § 2241.

Petitioner asserts the statute of limitations had expired at the time of his plea. (Docket Entry 5-3 at 2). He further asserts his Fifth, Sixth, and Fourteenth Amendment rights were violated by the use of false testimony by the United States,(Docket Entry 5-3 at 4-5), and raises claims of ineffective assistance of trial counsel. Petitioner is therefore challenging the validity of his conviction, not the manner in which his sentence is being carried out. This can only be done under § 2255. As such, Petitioner must file a motion under § 2255 in the district of conviction, the Southern District of New York.[1] Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241 or § 2255. Only the court of appeals, in this case the Second

---

[1] The Court notes that Petitioner had previously sought relief on statute of limitations grounds in the Southern District of New York under the All Writs Act, 28 U.S.C. § 1651(a). *See United States v. Brown*, No. 97-cr-1105, 2012 WL 6177058 (S.D.N.Y. Dec. 11, 2012). The District Court noted that Petitioner had waived the statute of limitations during the plea colloquy, and in any event the relief Petitioner sought was only available pursuant to § 2255. *Id.* at *2.

Circuit, has the power to permit a second § 2255 petition under very narrow circumstances, *see* 28 U.S.C. § 2244(b).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Court of Appeals for the Second Circuit as a second or successive petition, *see* 28 U.S.C. § 2244(b)(3). However, this Court's decision to not transfer this case does not prevent Petitioner from filing in the Second Circuit for leave to file a second § 2255 petition, pursuant to 28 U.S.C. § 2244(b)(3), should he elect to do so.

As Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), this Court will deny a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## V.   CONCLUSION

Petitioner Brown seeks for a second time to challenge his federal conviction, which can only occur if he receives permission of the Second Circuit for filing a successive § 2255 petition. He cannot do so in the present § 2241 petition in this Court. Based on the foregoing, this Court will dismiss the

6

Petition, and a certificate of appealability shall not issue. An accompanying Order will be entered.

| | |
|---|---|
| **April 29, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |